650 A.2d 1186

**Joseph C. CERTO, III, Petitioner,**

**v.**

**MUNICIPAL POLICE OFFICERS' EDUCATION AND TRAINING COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 23, 1994.

Decided Nov. 22, 1994.

Reargument Denied Jan. 10, 1995.

456

Dianne M. Sheppard, for petitioner.

Joseph S. Rengert, Chief Counsel, for respondent.

Before COLINS, President Judge, and SMITH, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Joseph Certo (Certo) appeals from an order of the Municipal Police Officers' Education and Training Commission (Commission) wherein the Commission denied certification of Certo as a police officer.

The facts are not in dispute and are as follows. On July 7, 1985, Certo pled guilty to a charge of homicide by vehicle, a first-degree misdemeanor under the Vehicle Code, 75 Pa.C.S. § 3732,[1] for which he received a sentence of five years probation. In 1990, Certo was hired as a part-time police officer by the Millbourne Township Police Department (Department) following his graduation from the Municipal Police Academy of Delaware County. In January 1991, an application was filed on Certo's behalf by the Department requesting that the

1. 75 Pa.C.S. § 3732 provides:

Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3731 (relating to driving under the influence of alcohol or controlled substance) is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

minimum training required for an officer to become certified under the Municipal Police Officers' Education and Training Act (Act 120) [2] be waived for Certo on the basis of equivalent training.[3] In the waiver application, the Department noted Certo's previous conviction of homicide by vehicle.

The Commission denied the application, determining Certo could not be certified as a police officer pursuant to Section 5 of Act 120, 53 P.S. § 744(8), which specifies that "[a]n applicant who has been convicted of a felony or serious misdemeanor shall not be eligible for employment as a police officer." [4] The Commission, in concluding that Certo's conviction for homicide by vehicle constituted a "serious misdemeanor," reasoned [5] that because homicide by vehicle is classified as a misdemeanor of the first degree, and because a misdemeanor of the first degree is, by law, the most "serious" class of misdemeanor under the Crimes Code, the next more serious class of crime being a felony of the third degree,[6] homicide by vehicle is a disqualifying "serious misdemeanor."

2. Act of June 18, 1974, P.L. 359, No. 120, *as amended*, 53 P.S. §§ 740–749.

3. Under Section 5 of Act 120, 53 P.S. § 744(13), (16), certification for employment as a police officer can only be had where the Commission exercises its power either (1) "[t]o certify police officers who have satisfactorily completed basic educational and training requirements"; or (2) "[t]o grant waivers of mandatory basic training to police officers who have successfully completed previous equivalent training...."

4. We note that although the Department's application on behalf of Certo was for a waiver of the mandatory training requirements under Act 120 and was not specifically for Certo's certification, the Department's ultimate denial of certification, rather than a determination of whether the training requirements of the Act should be waived, was proper as the issue of an officer's training is only relevant to a determination of whether certification will ultimately be granted. Here, the Commission, having determined that certification was not permissible based on Certo's prior conviction, did not need to make a determination regarding whether waiver of the training requirements was proper.

5. Certo appealed the Commission's initial determination and a hearing was conducted. The hearing examiner issued a decision and proposed order concluding that homicide by vehicle constituted a "serious misdemeanor," and the Commission unanimously adopted the examiner's findings and conclusions.

6. See 18 Pa.C.S. § 106, entitled, Class of offenses.

On appeal,[7] the only two issues before us are whether homicide by vehicle constitutes a "serious misdemeanor" and whether the "serious misdemeanor" provision in Act 120 was retroactively applied to Certo.

As to the issue of whether homicide by vehicle constitutes a "serious misdemeanor," we hold, as a matter of law that, where, as here, a person commits a misdemeanor and said violation is the cause of a death, such misdemeanor is, *per se*, a "serious misdemeanor." Accordingly, here, as Certo committed a misdemeanor resulting in a death, said misdemeanor was a "serious misdemeanor" disqualifying him from eligibility for certification under the terms of Act 120.

Having determined that Certo's conviction for homicide by vehicle constituted a "serious misdemeanor," we now turn to whether the "serious misdemeanor" provision of Act 120 was retroactively applied to Certo.

At the time of Certo's conviction in 1985, and following his training course in 1986 with the Municipal Police Academy of Delaware County, Act 120 did not contain a provision prohibiting certification based on a criminal conviction. Certo, therefore, asserts that because he was eligible to become a police officer in 1986, the Commission, by refusing his certification herein, has retroactively revoked his eligibility for certification. However, Certo did not seek certification in 1986 following his completion of training. The disqualifying provision of Act 120 in force at the time of the Department's application on behalf of Certo in 1991, applies to "[a]n applicant who *has been* convicted of a felony or serious misdemeanor . . . ." 53 P.S. § 744(8) (emphasis added). Thus, under the terms of the statute itself, we perceive no improper retroactive application of this provision on the part of the Commission.

Accordingly, based on the foregoing, we will affirm the Commission's decision and order.

7. Our scope of review is limited to determining whether constitutional rights have been violated, errors of law have been committed or findings of fact are unsupported by substantial evidence. *Saccol v. Municipal Police Officers' Education & Training Commission*, 149 Pa.Commonwealth Ct. 343, 613 A.2d 122 (1992).

## *ORDER*

AND NOW, this 22nd day of November, 1994, the order of the Municipal Police Officers' Education and Training Commission dated December 21, 1993 is affirmed.